UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ALEX TERRELL ADAMS,

                Plaintiff,

v.                                               Case No. 17-cv-245-pp

DR. BUTLER, *et al.*,

                Defendants.

---

### ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

---

When the plaintiff filed this lawsuit on February 23, 2017, he was in the Racine County Jail. Dkt. No. 1. On December 7, 2017, the court received a letter from the plaintiff, indicating that he had been moved to (and was "being permanently housed in") the Milwaukee County Jail. Dkt. No. 37. On October 16, 2018, the court received another change of address form for the plaintiff, indicating that his new address was 941 Grand Avenue, Upper Apartment, Racine, WI 53403. Dkt. No. 59. On April 3, 2019, the court received a motion from the plaintiff, in which he notified the court that he was back in the Racine County Jail. Dkt. No. 64. Finally, on September 11, 2019, the court received a fourth change of address form from the plaintiff, stating that his new address was 1013 Grand Avenue, Racine, Wisconsin 53403. Dkt. No. 95.

Since then, two mailings have been returned to the court as undeliverable. Dkt. Nos. 96, 97. On October 4, 2019, Magistrate Judge Nancy Joseph issued an order instructing the plaintiff to provide the court with an accurate address. Dkt. No. 98. Judge Joseph noted that several documents

1

had been returned to the court as "undeliverable," and that the Wisconsin Department of Corrections website confirmed that the plaintiff was on active community supervision. Id. at 1-2. She noted that while the web site provided contact information for the plaintiff's region unit supervision agent, it was the *plaintiff's* responsibility to keep the court updated as to his whereabouts, not the court's responsibility to search for him. She observed that the plaintiff was aware of this responsibility because he had on a number of occasions provided the court with an updated address. Id. at 2. Judge Joseph warned the plaintiff that if he failed to provide the court with an accurate address within thirty days, the court would dismiss the case without further notice or hearing based on his failure to prosecute. Id.

Thirty days have passed, and the plaintiff has not updated his address. The court will dismiss this case based on the plaintiff's failure to prosecute.

The court **DISMISSES** this case based on failure to prosecute. The court will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 13th day of November, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**